NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 17, 2018
Decided May 30, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 17-2176

| | |
|---|---|
| United States of America,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>Zachary Rodriguez,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Western Division.<br><br>No. 3:15-cr-50016-1<br><br>Philip G. Reinhard,<br>*Judge*. |

**O R D E R**

Zachary Rodriguez solicited explicit photographs from several teenage girls via Snapchat. He pleaded guilty to one count of production of child pornography in violation of 18 U.S.C. § 2251(a). The district court applied several enhancements at sentencing, including for the four additional victims not charged in the indictment, resulting in a Guidelines range of 210–262 months, with a statutory minimum of 15 years. The court sentenced him to 210 months' imprisonment.

Rodriguez now argues that his low-end sentence is so excessive that it violates the Eighth Amendment. Yet he failed to discuss or even cite the Supreme Court's Eighth Amendment sentencing cases in his brief or at oral argument; he relied instead on a

mishmash of policy arguments. Perhaps that was for good reason. In affirming a 182-month sentence for possession and receipt of child pornography, we recently observed "that the Supreme Court had rejected Eighth Amendment challenges to much longer sentences for lesser crimes." *United States v. Niggemann*, 881 F.3d 976, 981–82 (7th Cir. 2018). Indeed, the Court once upheld a sentence of 25 years to life imprisonment for the theft of three golf clubs. *Ewing v. California*, 538 U.S. 11, 28–31 (2003). Against this background, anyone challenging a sentence on Eighth Amendment grounds faces a steep uphill climb.

In short, "Eighth Amendment challenges to sentences that are both prescribed by the guidelines, and within the statutory maximums established by Congress, are looked on with disfavor." *United States v. Syms*, 846 F.3d 230, 236 (7th Cir. 2017) (quoting *United States v. Saunders*, 973 F.2d 1354, 1365 (7th Cir. 1992)). We also owe considerable deference to Congress's judgment regarding statutory minimum sentences. *United States v. Jones*, 950 F.2d 1309, 1317 (7th Cir. 1991). Rodriguez's sentence was at the low end of the Guidelines range and just two and a half years above the statutory minimum. It does not violate the Eighth Amendment.

The judgment of the district court is AFFIRMED.